# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JACQUELINE FOLGER, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 13-1203-MLB |
| MEDICALODGES, INC., et al., | ) ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM AND ORDER

This matter is before the court on defendants' motion to compel (Doc. 35). For the reasons set forth below, the motion shall be **GRANTED** in part and **DENIED** in part.

### Background

Plaintiff brings this action against her former employer, Medicalodges, Inc., and its president, Garen Cox, alleging employee misclassification and unpaid wages under the Fair Labor Standards Act[1] ("FLSA") and the Kansas Wage Payment Act[2] ("KWPA").

Plaintiff claims she was initially hired by defendants as an MDS Coordinator[3] at Medicalodges in Goddard, Kansas (a nursing care facility) as an hourly, non-exempt

---

[1] 29 U.S.C. §§ 201, et seq.
[2] K.S.A. §§ 44-301, et seq.
[3] Plaintiff does not define the term "MDS Coordinator" in the pleadings; however, defendants identify this position as a "Minimum Data Set" coordinator, a common position in nursing homes which required plaintiff to assess the nursing needs and coordinate a plan of care for each nursing home resident (Defs.' Mem. Supp., Doc. 36 at 2, 11).

employee. She alleges that she was often required to work more than forty (40) hours per week but was only paid for forty (40) hours. She also maintains that defendants' purported practice of "rounding down" employees' work hours led to underpayment. After working for defendants for a period of time, plaintiff was reclassified as a salaried, exempt employee although she continued working in the same position. Plaintiff asserts that this classification was an intentional misclassification under the FLSA by defendants to avoid payment of overtime wages.

In addition to her "off-the-clock" and misclassification wage claims, plaintiff also brings state common law claims of unjust enrichment/quantum meruit and breach of contract. Plaintiff filed this case as a collective action under the FLSA and a class action under Fed.R.Civ.P. 23 on behalf of all other similarly situated employees pending certification by the district court.

### Defendants' Motion to Compel (Doc. 35)

Defendants' motion concerns plaintiff's responses to defendants' First Request for Production of Documents and First Set of Interrogatories. Plaintiff timely responded to defendants' requests, but the parties disagreed on the sufficiency of those responses. As required by D. Kan. Rule 37.2, the parties exchanged correspondence and conferred regarding this dispute. Despite the efforts at resolution, plaintiff's responses to defendants' First Interrogatories Nos. 3, 11, 13, and 15 and Request for Production No. 15 remain at issue for a ruling by the court.[4] For ease of discussion, the requests are analyzed below in

---

[4] Defendants' briefing repeatedly refers to Requests for Production Nos. 13 and 16 (see Defs.' Mot., Doc. 35 at 1; Mem. Supp., Doc. 36 at 12; Reply, Doc. 43 at 11.) Defendants' briefing provides no

the categories referenced in the parties' briefing.

## I.  PLAINTIFF'S PERSONAL INFORMATION

A highly-contested portion of the discovery sought by defendants includes plaintiff's personal phone records and consumer information. To meet their burden to rebut plaintiff's evidence of uncompensated work, defendants contend that they must be allowed to discover this personal information.[5] Plaintiff argues that the information lacks relevance, and the requested discovery is overbroad, creates undue burden and invades plaintiff's privacy.

### A. Phone Records: Interrogatory No. 13 and Request for Production No. 15.

Defendants' Interrogatory No. 13 seeks identification of "each and every telephone number—whether residential, mobile, facsimile, or other—[plaintiff] utilized and/or maintained in [her] name during the time" that she was employed by defendants, as well as the corresponding service provider. Plaintiff objects to Interrogatory No. 13 as "seeking information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence."

Similarly, defendants' Request No. 15 seeks "records, invoices, bill, and/or documents reflecting telephone calls, and the times and durations of such calls, placed to or received on [plaintiff's] residential telephone, cellular telephone, or any other telephone [plaintiff] utilized" during her employment. Plaintiff objects to the request by repeating the

---

argument regarding either Request Nos. 13 or 16, but focuses on Request No. 15. Plaintiff's response notes that she provided responsive documentation to Request No. 13 and that the parties agreed upon resolution to any dispute regarding Request No. 16. (Pl.'s Mem. Opp., Doc. 38, at 8 n.3.) Because defendants failed to refute plaintiff's characterization of the requests in dispute, the Court disregards any demand for responses to Request Nos. 13 and 16 and focuses solely on Request No. 15.
[5] *See* discussion *infra* Sect. I.A at 8.

relevance objection and asserting that the request is "overly broad and unduly burdensome in scope, [and] harassing."

Plaintiff objects to both requests on the basis of relevance. Fed.R.Civ.P. 26(b) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Relevance is broadly construed at the discovery stage[6] and discovery relevance is minimal relevance,[7] which means a request should be deemed relevant if there is any possibility that the request will lead to the discovery of admissible evidence.[8]

The party requesting discovery bears the low burden of showing the request to be relevant on its face, but once facial relevance is established, the burden shifts to the party resisting discovery.[9] "The party opposing discovery is required to come forth with more than a mere conclusory statement that the discovery is irrelevant and must specifically demonstrate how the request is not reasonably calculated to lead to the discovery of admissible evidence."[10] The decision to grant a motion to compel is a matter of discretion

---

[6] *Nkemakolam v. St. John's Military Sch.*, 2013 WL 5551696, at *3 (D. Kan. Oct. 7, 2013) (citing *Smith v. TCI*, 137 F.R.D. 25, 26 (D. Kan 1991)).
[7] *Teichgraeber v. Memorial Union Corp. of Emporia State University,* 932 F.Supp. 1263, 1265 (D.Kan.1996) (internal citation omitted).
[8] *Nkemakolam*, 2013 WL 5551696, at *3 (citing *Smith*, 137 F.R.D., at 26).
[9] *See Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 653 (D. Kan. 2006).
[10] *Jackson v. Coach, Inc.*, 2008 WL 782635, at *4 (D. Kan. Mar. 20, 2008)(citing *Teichgraeber,* 932 F.Supp. at 1266)).

for the court.[11]  "Courts should lean towards resolving doubt over relevance in favor of discovery."[12]

To support their assertion of relevance, defendants outline the applicable burden of proof which plaintiff does not dispute.  Though the ultimate determination of applicable law will be made by the district judge, a brief review of the defendants' prospective burden of proof demonstrates the relevancy of evidence to rebut plaintiff's claims.  Once plaintiff provides sufficient evidence supporting her claim that she performed uncompensated work, the burden will shift to defendants to provide evidence which negates "the reasonableness of the inference to be drawn from the employee's evidence."[13]  A review of relevant case law reveals little about what specific types of evidence might meet defendants' burden.[14]

Plaintiff's claim that she worked hours off-the-clock and defendants' burden of rebuttal make at least minimally relevant any information which could possibly lead to admissible evidence that she was not working during the claimed hours.  Because the

---

[11] *G.D. v. Monarch Plastic Surgery, P.A.*, 239 F.R.D. 641, 644 (D. Kan. 2007) (citing *Martinez v. Schock Transfer & Warehouse Co.*, 789 F.2d 848, 850 (10th Cir. 1986)).

[12] *Jackson*, 2008 WL 782635, at *4 (citing *Teichgraeber,* 932 F.Supp. at 1266) (internal citations omitted).

[13] *Robinson v. Food Serv. of Belton, Inc.*, 415 F. Supp. 2d 1227, 1229 (D. Kan. 2005) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946)); *see also Dressler v. Kansas Copters & Wings, Inc.*, 2010 WL 3168358, at *6 (D. Kan. Aug. 10, 2010) (finding that plaintiff was owed overtime because defendants failed to provide rebuttal evidence).

[14] *See, e.g.*, *Doty v. Elias*, 733 F.2d 720, 725 (10th Cir. 1984) (noting that both parties provided testimony to meet their respective burdens); *Garcia v. Tyson Foods, Inc.*, 890 F. Supp. 2d 1273, 1284 (D. Kan. 2012) (stating "Employee testimony, documentary evidence, and expert testimony are appropriate methods of making a prima facie showing of a pattern or practice of unpaid time and wages" and finding that the employer failed to rebut the evidence); *McLaughlin v. Somnograph, Inc.*, 2005 WL 3489507, at *5 (D. Kan. Dec. 21, 2005) (describing spreadsheets containing overtime estimates by defendant); *see also Am. Fed'n of State, Cnty. & Mun. Employees v. Louisiana ex rel. Dep't of Health & Hospitals*, 2001 WL 29999, at *5 (E.D. La. Jan. 9, 2001) (noting that plaintiff provided numerous documents, as well as photo albums, credit card receipts, notes, and videos to support his claims of uncompensated overtime).

discovery sought appears relevant on its face, it is plaintiff's burden to establish a lack of relevance. Though plaintiff speculates that the telephone information might not provide a specific location or what person may have been involved in the telephone call, these assumptions do not meet her burden. Therefore, defendants' requests for telephone information in Interrogatory No. 13 and Request No. 15 meet the minimal relevance standard of discovery.

Plaintiff's remaining objections to Interrogatory No. 13 and Request No. 15 are overruled. Plaintiff's overbreadth objection is rejected because defendants properly narrowed the requests to those telephone numbers held during plaintiff's employment. Further, plaintiff's response notes that there are only two (2) phone numbers for which information will be available, which would apparently amount to approximately 60 telephone statements. The court finds that any potential burden is not disproportionate to any potential benefit to defendants.[15] Although plaintiff argues in her response that the requested discovery invades her privacy, the objection is waived because it was not timely raised in plaintiff's initial responses.[16]

Defendants' motion to compel responses to Interrogatory No. 13 and Request No. 15 is GRANTED. Plaintiff provided her residential phone number and her cellular number in her response to Interrogatory No. 1.[17] Plaintiff is hereby directed to supplement her answer

---

[15] *See, e.g., Manning v. Gen. Motors*, 247 F.R.D. 646, 654 (D. Kan. 2007) (overruling the objection of undue burden, finding that even if defendant must review hundreds of documents at great labor and expense, defendant failed to show that the hardship would be undue and disproportionate to the benefits plaintiff would gain from the document production.)

[16] *Cardenas v. Dorel Juvenile Grp., Inc.,* 230 F.R.D. 611, 621 (D. Kan. 2005) ("It is also well settled that when a party fails to assert an objection in its initial response to the discovery request and raises it for the first time in response to a motion to compel, the objection is deemed waived.").

[17] Defs.' Reply, Doc. 44, Ex. B, at 3, 8.

to Interrogatory No. 13 with any other numbers utilized or maintained during her employment with defendants, to identify her service provider for all number(s), and to respond to Request for Production No. 15.

### B. Consumer history: Interrogatory No. 15

Defendants' Interrogatory No. 15 asks plaintiff to identify "each and every private or public accommodation or facility—such as health clubs, video rental stores, turnpikes, tanning salons, etc.—for which [plaintiff's] ability to access such accommodation or facility depended upon obtaining a membership or utilizing a password, identification number, or data transmission device unique to" plaintiff, specific to the time period of plaintiff's employment by defendants. Plaintiff objects to Interrogatory No. 15 by repeating the relevance objection and asserting that the request is "overly broad and unduly burdensome in scope, [and] harassing."

Plaintiff argues that the relevance of this information is not shown by the alleged conclusory statements of defendants. But as analyzed above,[18] though the consumer information may not later be admissible at trial, on its face the request meets the standard of minimal relevance for discovery. Additionally, the request for identification of these consumer accounts is not, in and of itself, overbroad. Defendants have narrowed their request to those accommodations which would require specific identification or passwords and the request is confined to the time period of plaintiff's employment by defendants. Although plaintiff argues that the requested discovery invades plaintiff's privacy, that objection was not timely raised in plaintiff's initial responses and the objection is therefore

---

[18] *See* discussion *supra* Sect. I.A., at 5-6.

waived.[19] Defendants' motion to compel a response to Interrogatory No. 15 is therefore GRANTED.

## II. PLAINTIFF'S WORK HISTORY: Interrogatories No. 3 and 11

The remaining discovery at issue concerns plaintiff's work history, both before and after her employment by defendants. Defendants assert that plaintiff's work history is relevant to her classification as an exempt employee, while plaintiff argues that the only relevant employment considerations to her classification are the specific duties she performed for defendants.

Interrogatory No. 3 asks plaintiff to provide her work history after high school, along with specific details of her employment, and to provide an authorization for release of related employment records. Interrogatory No. 11 asks plaintiff to identify details of all applications for employment since her separation from defendants' employment and seeks authorization for release of related employment records.

Plaintiff objects to Interrogatory No. 3 as "overly broad and unduly burdensome in time and scope and seeking information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence." With the exception of the breadth of time, plaintiff's objection to No. 11 is identical.

Defendants assert that plaintiff's entire work history is relevant to show that she was capable of performing specific duties and to dispel plaintiff's assertions that she was not

---

[19] *Cardenas v. Dorel Juvenile Grp., Inc.,* 230 F.R.D. 611, 621 (D. Kan. 2005) ("It is also well settled that when a party fails to assert an objection in its initial response to the discovery request and raises it for the first time in response to a motion to compel, the objection is deemed waived."). Furthermore, any privacy concerns may be appropriately safeguarded by the protective order currently in place. (*See* Prot. Order, Doc. 29.)

properly classified. Defendants further reason that her post-separation employment is relevant because she would not have applied for jobs post-separation that she was not capable of performing. Plaintiff maintains that the only relevant inquiry to her proper classification is whether her specific duties at Medicalodges permit exemption under the FLSA and therefore any outside employment history is irrelevant.

Both parties rely, in part, on the Code of Federal Regulations but neither party's reliance on the regulations is entirely dispositive. Plaintiff erroneously cites to 5 C.F.R. § 551.202 to assert that the proper FLSA classification of an employee rests only on the "duties actually performed by the employee." While this provision may be instructive, plaintiff ignores the fact that this regulation applies <u>only</u> to governmental determination of administrative personnel in the Office of Personnel Management and is inapplicable to plaintiff's claims. Defendants more appropriately cite 29 C.F.R. § 541.301 which outlines the "learned professional" exemption, which is applicable to plaintiff's classification.

Section 541.301 outlines a three-part "primary duty test" to determine whether an employee is exempt as a learned professional. This test requires, in part, both analysis of an employee's actual duties[20] and how an employee acquired the advanced knowledge required to meet the exemption—whether through intellectual instruction or through a "combination of work experience and intellectual instruction."[21] Though the regulation notes that the "best prima facie evidence" of proper classification is attainment of the appropriate academic degree,[22] the evidence is not specifically limited to education. Likewise, though

---

[20] 29 C.F.R. § 541.301(a)(1).
[21] 29 C.F.R. § 541.301(d).
[22] 29 C.F.R. § 541.301(d); *see* 29 C.F.R. § 541.301 (e)(2) "registered nurses . . . generally meet the

9

plaintiff's duties at Medicalodges must be analyzed, those duties are not the sole factor.

Plaintiff's work history as a licensed nurse meets the minimal standard of relevance because it would tend to provide evidence of experience that may come into play when determining whether she would have been properly classified as a learned professional. To that end, plaintiff's degree in nursing is a starting point for that consideration and would provide approximately fifteen (15) years of employment history.[23] Any request for work history prior to her attainment of the nursing degree does not meet even the minimum standard of relevance and is overbroad on its face, and defendants fail to show why her pre-nursing work history is relevant to her classification. That portion of Interrogatory No. 3 is therefore DENIED.

Likewise, plaintiff's post-separation employment clearly could not have been a consideration for her proper classification by defendants and is not relevant on its face.[24] Plaintiff's objection to Interrogatory No. 11 is sustained on the basis of relevance and defendants' request for that information is DENIED.

The court also denies that portion of the motion to compel requesting plaintiff to execute releases allowing defendants to obtain plaintiff's employment records from all employers, past and present. Defendants disingenuously argue that they have only asked plaintiff to *identify* her employers[25] and ignore that they have requested that plaintiff sign

---

duties requirements for the learned professional exemption."

[23] *See* Doc. 36, Ex. D at 1; Doc. 44, Ex. B at 3.

[24] In fact, defendants' Reply focuses on plaintiff's previous work history and ignores plaintiff's post-separation employment. Defendants argue that plaintiff's "employment history meets the minimal relevance threshold . . . because her *prior* work history is a relevant consideration to her classification as an exempt employee." (Doc. 44 at 10, 11).

[25] *See, e.g.*, Defs.' Reply, Doc. 44 at 8 (stating "Defendants ask Plaintiff to identify her prior employers.").

releases of information for all identified employers. However, defendants do not seek such releases in either their motion or reply. The court further finds that the breadth of information that is likely included in 15 years of personnel files is overbroad on its face, and a narrowly-tailored business record subpoena under Fed. R. Civ.P. 45 to specific employers for precise information would be the appropriate procedure to compel such information if defendants later find it warranted.

**IT IS THEREFORE ORDERED** that defendants' motion to compel (Doc. 35) is **GRANTED** in part and **DENIED** in part as set forth above. Defendants' motion is **GRANTED** as to **Interrogatory Nos. 13 and 15** and **Request No. 15**. Defendants' request as to **Interrogatory No. 3** is **GRANTED** only as to identification of plaintiff's employment history for the time period from her attainment of a nursing degree in 1995 to her employment with defendants; it is **DENIED** as to pre-nursing employment and as to a signed release to all past employers. Defendants' motion as to **Interrogatory No. 11** is **DENIED**. In light of the approaching December 20, 2013 discovery deadline, Plaintiff is ordered to respond to all requests on or before **December 17, 2013**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 3rd day of December, 2013.

S/ Karen M. Humphreys
KAREN M. HUMPHREYS
United States Magistrate Judge